THE FIRST NATIONAL BANK OF PHILADELPHIA, PENN-
SYLVANIA, A BANKING CORPORATION, ETC., PLAIN-
TIFF-RESPONDENT, v. ERNEST STONELEY, DEFEND-
ANT-PROSECUTOR.

Decided May 27, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Cole & Cole.*

For the defendant-prosecutor, *Waddington & Mathews.*

PER CURIAM.

This matter comes before the court on rule to show cause
why default judgment in favor of the plaintiff-respondent
and against the defendant-prosecutor in the amount of
$36.811.94 and costs should not be set aside on the following
facts.

Suit was started in the Supreme Court, Cape May county,
on a note for $36,550. An affidavit of merits and an answer
were duly filed. The defense in the answer alleges that the
defendant had not signed, executed or delivered the note in
question. A notice of motion to strike out the answer was
served upon defendant's counsel but apparently never was
argued and on December 14th, 1931, a default judgment (no
one appearing in behalf of the defendant) was entered and
a *postea* filed with the Supreme Court clerk.

Defendant's counsel, in an affidavit filed on the application
for this rule to show cause, explains in great detail the reason
for his non-appearance at the Cape May Circuit. He relied

upon the clerk in that Circuit or on opposing counsel, unwarrantedly perhaps, to give him timely notice of the trial day. He received no notice and the default judgment against the defendant was the result. Because of this happening he claims surprise. While we cannot say that an attorney from another county is entitled to the notice that defendant's counsel expected, we do say that on the defense made in the answer, a denial of having executed the instrument upon which the action is founded, the defendant is entitled to his day in court before a jury.

The state of the case discloses that the note in question may have been a renewal of a previous note or notes in larger amounts which had been reduced by payments on account. Counsel for plaintiff below at the argument before us presented what purported to be a power of attorney executed by the defendant and stated that the note in question had been signed by the attorney in fact named herein. Nowhere in the complaint or in the testimony taken is this power of attorney mentioned and defendant's counsel then and there alleged surprise.

In the course of the proceedings before trial the defendant was noticed for motion to strike out the answer. Such motion was abandoned and we must assume for good cause. We do not think that the submission of the purported power of attorney should be considered by us at this time since it was extra the record of the case. This paper, obviously, is of vital importance in the case and of course had not been proved.

We think, however, that the present position of the plaintiff below should, under the circumstances, be made secure.

The judgment will be opened and a new trial granted, but the lien of the judgment will remain as security pending the new trial, and the defendant will pay the plaintiff its costs of the trial already had, and on this motion to open, to be taxed, and the plaintiff will be granted permission to issue execution and make levy, and that further proceedings thereon be stayed.